[No. H007199. Sixth Dist. Dec. 29, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
ALVIA MILTON YORK, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

Mark L. Christiansen, by appointment of the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Laurence K. Sullivan and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Appellant.

OPINION

CAPACCIOLI, J.—The jury returned verdicts finding defendant guilty of lewd or lascivious conduct (Pen. Code[1], § 288, subd. (a)) and first degree murder (§ 187). The jury also returned a "special finding" in connection with a special circumstance in which it found "not true" that the murder had been

---

[1]Subsequent statutory references are to the Penal Code unless otherwise specified.

committed while defendant was engaged in the commission of the lewd or lascivious act. Defendant moved for a new trial based, among other things, on the ground that the special finding was inconsistent with the the jury's verdict on the murder count. The trial court concluded that the jury's "special finding" was inconsistent with its verdict on the murder count and granted a new trial on the murder count. Defendant was sentenced to eight years in state prison for the lewd or lascivious conduct conviction. The prosecution appeals from the trial court's order granting a new trial on the murder count. Defendant appeals from the judgment on the lewd or lascivious conduct count.[2] For the reasons expressed below, we reverse the order granting a new trial on the murder count and affirm the judgment on the lewd or lascivious conduct count.

## I. THE PROSECUTION'S APPEAL

The Attorney General argues that (1) any inconsistency between the special finding and the finding of guilt on the murder count does not invalidate the jury's finding of guilt on the murder count and (2) the two findings are not actually inconsistent in light of the instructions given to the jury. ▇▇▇▇ Defendant asserts that the two findings are inconsistent and that a jury may not validly return inconsistent findings within a single count.[3]

---

[2]In addition to challenging the judgment on the lewd or lascivious conduct count, defendant has briefed issues related to the propriety of the jury's verdict on the murder count. Our power of appellate review is limited to appealable orders and judgments. (§§ 1237, 1238.) No judgment has yet been entered on the jury's verdict on the murder count so there is no basis for appellate review of the issues defendant has raised regarding the murder count.

[3]Defendant asserts that this court should review the sufficiency of the evidence to support the jury's verdict on the murder count as a part of our consideration of the propriety of the trial court's order granting a new trial on that count. We can find no basis for such review. Defendant based his motion for a new trial on three separate grounds: (1) the insufficiency of the evidence, (2) the inconsistency between the jury's two findings, and (3) the "coercion" of the verdict. "[T]he rule that on appeal from an order granting a new trial the order will be affirmed if any ground exists therefor regardless of the reasons assigned by the trial court, has an important exception to the effect that if the trial court by direct and unequivocal language excludes insufficiency of the evidence as a ground for granting the motion, the appellate court will not affirm the order on that ground." (*People* v. *Megladdery* (1940) 40 Cal.App.2d 748, 771-772 [106 P.2d 84].) The trial court's order on defendant's motion for a new trial included an explicit finding by the trial court that the evidence was sufficient to prove defendant's guilt beyond a reasonable doubt and expressly denied defendant's motion for new trial insofar as it was based "on the ground of the insufficiency of the evidence." Since, under *Megladdery*, we therefore cannot affirm the new trial order on the ground that the evidence was insufficient, review of the sufficiency of the evidence to support the murder count is outside our jurisdiction. Defendant may properly make an appellate challenge to the sufficiency of the evidence to support the jury's verdict on the murder count on an appeal from the trial court's

### A. *Inconsistent Verdicts Are Not Improper*

■ Section 954 provides that "[a]n acquittal of one or more counts shall not be deemed an acquittal of any other count." Thus, a jury may properly return inconsistent verdicts on separate counts. The "special finding" on which the jury returned its "not true" finding was a special circumstance, or enhancement, attached to the murder count. Although section 954's literal application is limited to separate counts, the underlying policy is equally applicable to enhancements. (*People* v. *Lopez* (1982) 131 Cal.App.3d 565, 570-571 [182 Cal.Rptr. 563]; *People* v. *Brown* (1985) 174 Cal.App.3d 762, 768-769 [220 Cal.Rptr. 264]; see *People* v. *Allison* (1989) 48 Cal.3d 879, 897 fn. 10 [258 Cal.Rptr. 208, 771 P.2d 1294].) "The concept of jury largesse is not governed by the legislative choice of language. The fact that the word 'enhancement' is used rather than 'offense' does not nullify the underlying rationale of refusing to invalidate an inconsistent jury verdict if it is otherwise supported by substantial evidence." (*People* v. *Lopez, supra,* 131 Cal.App.3d at p. 571.) Inconsistent findings by the jury frequently result from leniency, mercy or confusion. (*People* v. *Pettaway* (1988) 206 Cal.App.3d 1312, 1325 [254 Cal.Rptr. 436].) Such inconsistencies in no way invalidate the jury's findings. Therefore, any inconsistency between the jury's findings could not have supported the trial court's decision to grant a new trial on the murder count since the trial court also found that the jury's verdict was supported by substantial evidence.

### B. *Verdicts Are Not Actually Inconsistent*

■ Furthermore, the jury's findings are not actually inconsistent in light of the jury instructions. The jury was given only one instruction on first degree murder. "Every person who unlawfully kills a human being during the commission or attempted commission of a lewd or lascivious act . . . is guilty of the crime of murder . . . . [¶] In order to prove such crime, each of the following elements must be proved: [¶] 1. A human being was killed. [¶] 2. The killing was unlawful, and [¶] 3. The killing occurred during the commission or attempted commission of a lewd or lascivious act . . . ." The jury was also given a single instruction, CALJIC No. 8.81.17, on the elements of the special circumstance. "To find that the special circumstance . . . is true, it must be proved: [¶] 1. The murder was committed while the defendant was engaged in the commission or attempted commission of a lewd or lascivious act . . . . [¶] 2. *The murder was committed in order to carry out or advance the commission or attempted commission of the crime of a lewd or lascivious act . . . or to facilitate the escape therefrom or to avoid*

---

judgment on that count. Since such a judgment has not been entered and consequently no appeal has been taken, this issue cannot be herein reviewed.

*detection.* In other words, the special circumstance . . . is not established if the commission or attempted commission of a lewd or lascivious act . . . was merely *incidental* to the commission of the murder." (Italics added.)

The first degree murder instruction and the special circumstance instruction were not identical. The second enumerated paragraph of the special circumstance instruction required the jury to find that the murder was committed in order to carry out or advance the commission of or avoid detection or facilitate escape from the underlying felony. This paragraph of the instruction also required the jury to find that the lewd or lascivious act was not merely incidental to the murder. The fourth paragraph of the 1988 Use Note for CALJIC No. 8.81.17 advises the court to use the second enumerated paragraph of the special circumstance instruction "only when the defendant is not the actual killer." The Comment to the 1991 revision of CALJIC No. 8.81.17 tells the court to disregard the fourth paragraph of the 1988 Use Note. Although the propriety of the special circumstance instruction is not before us, we find it necessary to consider the propriety of the advice given in 1988 Use Note and the 1991 Comment to CALJIC No. 8.81.17 with respect to the second enumerated paragraph of the instruction.

The propriety of jury instructions is governed by the evidence before the trial court. (*People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685 [160 Cal.Rptr. 84, 603 P.2d 1].) Hence, the decision whether to include the second enumerated paragraph of CALJIC No. 8.81.17 in the instructions to the jury must be governed by the evidence which has been presented to the jury. If the evidence raises a factual issue as to whether defendant had an independent felonious intent to commit a felony which was not merely incidental to the murder (cf. *People* v. *Ireland* (1969) 70 Cal.2d 522 [75 Cal.Rptr. 188, 450 P.2d 580, 40 A.L.R.3d 1323]; *People* v. *Farmer* (1989) 47 Cal.3d 888, 915 [254 Cal.Rptr. 508, 765 P.2d 940]), the second enumerated paragraph of CALJIC No. 8.81.17 must be included in the jury instruction. The facts before the trial court in this case did not support instructions to the jury which included the second enumerated paragraph of CALJIC No. 8.81.17. There was no evidence that defendant had any felonious intent other than to commit the lewd or lascivious act.

This error in the special circumstance instruction could not have harmed defendant since it required the jury to make an unnecessary finding in order to find the special circumstance true. However, the instructional error did provide a basis upon which the jury could distinguish the elements of felony-murder from the elements of the felony-murder special circumstance. The unnecessary inclusion of the second enumerated paragraph of CALJIC No. 8.81.17 distinguished the special circumstance from the murder in such

a way that the jury's findings cannot be viewed as inconsistent. The trial court's order granting a new trial on the murder count must therefore be reversed.

## II. DEFENDANT'S CROSS-APPEAL*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## III. CONCLUSION

The order granting a new trial is reversed. The judgment on the lewd or lascivious conduct count is affirmed.

Cottle, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied January 13, 1993, and the petition of appellant Alvia Milton York for review by the Supreme Court was denied April 1, 1993.

---

*See footnote, *ante*, page 1506.