Filed 2/27/13  P. v. Palmer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C069193 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM034122 & CM034831) |
| v. | |
| CODEY LEE PALMER, | |
| Defendant and Appellant. | |

A jury found defendant Codey Lee Palmer guilty of possession of a firearm by a felon (Pen. Code,[1] § 12021, subd. (a)(1); count 1), possession of a short-barreled shotgun (§ 12020, subd. (a)(1); count 2), and exhibiting a firearm (§ 417, subd. (a)(2); count 3).[2]

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant was erroneously charged with and convicted of violating section 417, subdivision *(a)(1)*, which criminalizes threatening another person with "any deadly weapon whatsoever, *other than a firearm*" (emphasis added); this was error because a loaded short-barreled shotgun was the only weapon referenced in this case.  Section 417, subdivision *(a)(2)* criminalizes threatening with "*any firearm*, whether loaded or unloaded" (emphasis added), and was the applicable charge.  Defendant notes this error

1

The jury found not true gang enhancement allegations (§ 186.22, subd. (b)(1)) attached to counts 1 and 2. Outside the presence of the jury, defendant admitted his prior strike conviction and prior prison term.

The trial court sentenced defendant to an aggregate term of eight years four months in state prison, allocated as follows: count 2, six years (three years doubled); count 1, 16 months concurrent with count 2; count 3, a consecutive effective term of 16 months (1/3 the midterm of two years, doubled), and a consecutive one-year term for the service of a prior prison term.[3]

On appeal, defendant first contends that count 3 as charged incorrectly conflated the misdemeanor section 417 charge with the alternate penalty provision contained in section 186.22, subdivision (d) (section 186.22(d)), which resulted in charging error such that count 3 failed to allege a crime.[4] He also raises several sub-issues related to that claim. He further contends that trial counsel was ineffective for failing to object to the

---

on appeal, but commendably concedes that "the record amply demonstrates [defendant's] understanding that the [People] had based count 3 upon [defendant's] alleged brandishing of a firearm." The People completely ignore the error, arguing that defendant "was properly charged in Count 3" while conceding "this case could have been pled cleaner [*sic*]," an understatement we address in more detail *post*. Because the evidence showed and the trial court instructed the jury that the deadly weapon at issue was a firearm, we shall treat this erroneous designation as a typo and direct the trial court to correct the abstract of judgment accordingly.

[3] The trial court also imposed a consecutive eight-month prison term for a separate conviction which is not at issue on this appeal.

[4] Section 186.22 (d) provides in pertinent part that any person convicted of a *misdemeanor or felony* offense committed for the benefit of a street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members, is eligible for a state prison sentence. In this particular case, application of this penalty provision to the misdemeanor brandishing charge had the practical effect of elevating the misdemeanor charge to a felony.

charging error and resulting sub-issues; and that section 654 requires that we stay sentence on counts 1 and 3.

The People agree that the sentence on count 1 should be stayed.

We agree with the parties as to count 1. As we will explain, we find no prejudicial error upon consideration of defendant's remaining contentions.[5] Accordingly, we shall affirm.

## FACTS

On February 17, 2011, about 2:00 a.m., Robert Binsfield, David Barker and Mitchell Engstrom were walking to a party after drinking at a bar in Chico. Binsfield stopped to talk with other friends while Barker and Engstrom continued walking. Binsfield heard yelling and cursing, looked around a corner and saw defendant jogging toward him holding a shotgun. Defendant yelled at Binsfield something like, "You want to go" or "You want some of this." Binsfield ran and hid behind a parked car.

Officer Curtis Prosise was in his patrol car within a block of where defendant had threatened Binsfield when he received a dispatch call of a Hispanic male, wearing a white T-shirt, carrying a shotgun, and yelling "Chapman" and "Norte." Prosise drove to the area, saw defendant and shined his spotlight on him. Defendant fled and Prosise pursued him. As defendant ran, Prosise heard metal striking the asphalt, but Prosise did not stop. With the aid of another officer, he took defendant into custody. Prosise then returned to where he had heard the metallic sound and found a loaded shotgun with the stock and barrel modified.

The parties stipulated that the Norteños were a criminal street gang and testimony by a gang expert established that defendant was a member of the Chapman Town

---

[5] Defendant originally argued for additional conduct credit pursuant to the October 1, 2011, amendments to sections 2933 and 4019, but later withdrew his request. (See *People v. Brown* (2012) 54 Cal.4th 314.)

Norteños.  The expert further testified that defendant's conduct in yelling gang terms while carrying a shotgun in public view would benefit the Norteño street gang by "instilling fear in their rivals and instilling fear in their victims and witnesses."  Further, a higher-profile crime of this nature would receive significant media coverage which would also benefit the gang by scaring people.

Defendant rested without presenting any evidence.  He argued that the evidence failed to establish his identity as the person with the shotgun. [6]

## DISCUSSION

### I

*Count 3--Charging Error and Related Claims of Error*

Defendant first contends that count 3 must be reversed because it "did not allege a crime."  He explains that count 3 incorrectly conflated the section 417 charge with the alternate penalty provision contained in section 186.22(d), which resulted in charging error.  He further argues that the jury instructions were defective and the verdict form invalid, all due to the charging error.  He adds that the trial court erred in failing to instruct the jury on the lesser-included offense of misdemeanor brandishing, again as a consequence of the charging error.

The People respond only that defendant "was properly charged in count 3" and add that defendant received notice of the charges and allegations against him and that the jury "was properly instructed on all the elements."  While they also "note" that section 186.22 (d) is indeed an alternate penalty provision and neither a substantive offense nor a sentencing allegation, they do not address the relevance of that distinction.  They fail to respond to defendant's additional arguments regarding the effects of the improper charging.

---

[6] Defendant does not claim insufficient evidence of his identity on appeal.

*A.      Error in the Form of the Pleading*

Count 3 charged:

"... the crime of **Exhibiting a Deadly Weapon, in violation of Penal Code Sections 417(a)(1) and Criminal Street Gang, a violation of Penal Code Section 186.22(d), an offense punishable as a Felony,** was committed by CODEY LEE PALMER, who did willfully and unlawfully commit the public offense of Exhibiting a Deadly Weapon." (Emphasis in original.)

"It is further alleged in connection with the offense charged in Count 3 that the offense was for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, or assist in criminal conduct by gang members pursuant to Penal Code Section 186.22(d).

Defendant argues that count 3 does not charge a crime, contending that because section 186.22(d) is an alternative sentencing provision rather than a substantive offense or an enhancement, the conjoining of section 186.22(d) and the section 417 offense[7] adds an element to the latter which is not within the statutory definition, thereby rendering the offense nonexistent.

We agree that section 186.22(d) is an alternative sentencing provision. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 899 (*Robert L.*).) As such, it "'prescribes an added penalty to be imposed when the offense is committed under specified circumstances. A penalty provision is separate from the underlying offense and does not set forth elements of the offense or a greater degree of the offense charged. [Citations.]' [Citation]." (*Robert L., supra,* 30 Cal.4th at p. 899.) To the extent that it was "joined" with the section 417 misdemeanor offense to charge a single felony crime, the offense

---

[7] We noted *ante* the continuing error regarding the Penal Code section applicable to misdemeanor brandishing of a firearm (section 417, subdivision (a)(2)).

itself was improperly conflated with the penalty provision, constituting error in the pleading of the offense.

The California Constitution provides:  "No judgment shall be set aside . . . for any error as to any matter of pleading . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  (Cal. Const., art VI, § 13.)  Here, examination of the record reveals no miscarriage of justice.

Pursuant to CALCRIM No. 983, the trial court instructed the jury that defendant was charged in count 3 with "brandishing a firearm" and that to prove him guilty of that offense the People "must prove that:  "1. The defendant drew or exhibited a firearm in the immediate presence of someone else; AND 2. The defendant did so in a rude, angry, or threatening manner."

Immediately following the CALCRIM No. 983 instruction, the court instructed the jury pursuant to CALCRIM No. 1401 that defendant was charged in count 3 with "exhibiting a deadly weapon as a gang offense," and "[t]o prove this crime, the People must prove that:  1. The defendant brandished a firearm.  The definition and elements of brandishing a firearm are contained in instruction #983 above; 2. The defendant committed the crime for the benefit of, at the direction of, or in association with a criminal street gang; AND 3. The defendant intended to assist, further, or promote criminal conduct by gang members."

Because the jury was correctly advised of the elements the People were required to prove to find defendant guilty of the brandishing offense as well as the section 186.22(d) allegation, defendant suffered no miscarriage of justice from the error in the form of the pleading.

B.      *Error in Instructing the Jury and Verdict Form*

Defendant also argues that the manner in which he was charged in count 3 "resulted in defective jury instructions" because the instructions did not make clear that

6

the jury should first decide defendant's culpability for the misdemeanor and then address the penalty provision. Because defendant failed to object to the instructions he now challenges, his claim of instructional error is forfeited on appeal unless the error resulted in a miscarriage of justice. (*People v. Battle* (2011) 198 Cal.App.4th 50, 64-65.)

We see no miscarriage of justice and no prejudicial error here. As we described *ante*, the trial court instructed the jury regarding count 3 by reading CALCRIM No. 983 and CALCRIM No. 1401, as modified, seriatim. No. 1401 correctly directed the jury to determine defendant's guilt or innocence of the brandishing charge before considering the other elements of the penalty provision. Defendant does not explain how the instructions' failure to further distinguish the requirements of the two separate Penal Code sections from each other caused the jury to make any inappropriate determinations. We shall not make his argument for him.[8]

Similarly, although the verdict form tracked the charging document and repeated its error, requiring the jury to find defendant "guilty" or "not guilty" of "EXHIBITING A DEADLY WEAPON AND CRIMINAL STREET GANG, a violation of Section [*sic*] 417(a)(1) and 186.22(d) of the Penal Code, a Felony," defendant does not argue how the verdict form's failure to separate the substantive offense from the penalty provision prejudiced him. We see no prejudicial error.

---

[8] Defendant argues that his conviction "may rest on an improper theory" as the jury instructions and verdict form  failed to accurately describe the substantive crime (presumably because they combined the substantive offense with the penalty provision, as we have described). Although he describes the doctrine, which we recognize, he does not argue how it specifically applies to *his* case. As we decline to find prejudicial error in the manner in which count 3 was charged and presented to the jury, we also disagree that here the jury was presented with any "alternate theory" on which it could possibly have based its decision to find defendant guilty.

7

### C.    *Lesser-Included Offense Instruction*

Defendant also contends that because the section 186.22(d) provision was charged as an element of the brandishing offense, rendering it a felony charge, the trial court erred in failing to instruct the jury *sua sponte* on the included offense of misdemeanor brandishing. Although it is clear that misdemeanor brandishing was an included offense in the brandishing offense as it was charged--as a hybrid of that very charge, modified only to add the penalty provision--we see no basis to require its separate instruction.

"[T]he trial court must instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty *only* of the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 118, emphasis added.) Here, the evidence at trial established that defendant's brandishing the shotgun would benefit the Norteño street gang by "instilling fear in their rivals and instilling fear in their victims and witnesses." Further, a higher-profile crime of this nature would receive significant media coverage which would also benefit the gang by scaring people. If the jury found defendant guilty of brandishing the gun, which it did, then it necessarily would have found him guilty of brandishing the gun for the benefit of the gang. There was simply no substantial evidence that he brandished the gun for any reason *other* than to benefit the gang.[9]

---

[9] Defendant points to the jury's finding of not true on the gang allegations attached to counts 1 and 2 as evidence that it should have been instructed on the lesser offense for count 3. But finding defendant's *possession* of the gun to benefit the gang is very different than finding his *brandishing* of the gun to benefit the gang, particularly when, as here, the evidence of the former was weak while the evidence of the latter was quite compelling. In any event, it is well-settled that an acquittal on one charge does not change the strength of the evidence on another, which might have been due to lenity or other reasons. (See *People v. Lewis* (2001) 25 Cal.4th 610, 655–656; *People v. Brown* (1985) 174 Cal.App.3d 762, 769; *People v. Pahl* (1991) 226 Cal.App.3d 1651, 1656–1657.)

## II

### *Ineffective Assistance of Counsel*

Defendant contends his trial counsel was constitutionally ineffective for failing to call the trial court's attention to the charging error in count 3 and the issues stemming from that error. To establish ineffective assistance of counsel, defendant must establish prejudice from the claimed deficiency. (*In re Alvernaz* (1992) 2 Cal.4th 924, 944-945.) Because we have already determined that defendant suffered no prejudice from the charging error in count 3 and the irregularities stemming therefrom, counsel was not constitutionally ineffective for failing to seek correction of the error.

## III

### *Application of Section 654 to Counts 1 and 3*

Defendant contends the trial court violated section 654's proscription against multiple punishment when it failed to stay the sentences imposed on counts 1 (felon in possession of a firearm) and 3 (exhibiting a deadly weapon). We agree as to count 1.

Section 654 provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."

*A.      Count 1*

Counts 1 and 2 were based upon defendant's *possession only* of the same shotgun on a single occasion. In *People v. Jones* (2012) 54 Cal.4th 350 (*Jones*), our Supreme Court held that section 654 prohibited multiple punishments for a defendant convicted of "possession of a firearm by a felon, carrying a readily accessible concealed and unregistered firearm, and carrying an unregistered loaded firearm in public." (*Jones, supra,* 54 Cal.4th at p. 352.) The court cited with approval *People v. Perry* (1974) 42 Cal.App.3d 451, which held that section 654 prohibited more than one punishment for a defendant convicted of possession of a firearm by a felon and possession of an unlawful

firearm, where possession was of the same weapon on a single occasion. (*Jones, supra,* at p. 357.) Consequently, defendant's sentence on count 1 must be stayed.

> B.    Count 3

Citing *Jones*, among other cases, defendant argues his sentence on count 3 must also be stayed under section 654. We are not persuaded.

As we discussed *ante*, our Supreme Court recently held in *Jones* that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654." (*Jones, supra,* 54 Cal.4th at p. 357.) Here, the crimes of conviction include brandishing as well as possession. As the applicable jury instructions set forth, brandishing is different than mere "possessing" or "carrying"--it requires proof that defendant *drew or exhibited a firearm in a rude, angry, or threatening manner in the immediate presence of someone else*. Defendant did not merely possess or carry in this case.

*Jones* also clarified that "section 654 prohibits multiple punishment for a single physical act that violates different provisions of law." (*Jones, supra,* 54 Cal.4th at p. 358.) Here, clearly the evidence showed multiple physical acts. In *Jones*, the court emphasized that the People had admitted in argument that the charges at issue constituted "three different counts for the same exact conduct." (*Jones, supra*, at p. 359.) In the instant case, in contrast, the evidence showed and the People argued that defendant "was walking around . . . carrying a shotgun . . . sometimes he's walking around with [the gun] . . . . Other times he's confronting people with it out in front of him . . . ." Thus the *multiple physical acts* pled and proven in this case further distinguish defendant's situation here from that of defendant's situation in *Jones*.

Under the facts of this case, it is clear that defendant possessed the shotgun both before and after he brandished it, in a manner and time sufficiently separate and distinct from his conduct in brandishing it, such that section 654 does not compel that his sentence on count 3 be stayed. (See also *People v. Jones* (2002) 103 Cal.App.4th 1139,

1142, 1144 [where defendant charged with felon in possession and shooting into an inhabited dwelling, section 654 inapplicable where evidence shows the defendant arrived at the scene of the primary crime already in possession of the firearm].)**10**

Further, the evidence showed the offenses of possession and brandishing were *not* incident to one intent and objective. (See *Neal v. State of California* (1960) 55 Cal.2d 11, 19.) "Multiple punishment is proper where the evidence shows that the defendant possessed the firearm before the crime, with an independent intent." (*People v. Jones, supra,* 103 Cal.App.4th at p. 1144.) Here, as in *People v. Jones*, defendant's possession of the gun both before and after his brandishing of it suggests a separate intent than simply to brandish it--much as the independent possession of the gun in *People v. Jones* suggested a separate intent than simply to shoot into an inhabited dwelling. (See *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 824-825 [brandishing and possession of a gun may properly be punished separately if the defendant has unrelated intent and objective for committing the two crimes].)

## DISPOSITION

The sentence on count 1 is stayed pursuant to Penal Code section 654. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment reflecting the stay and correcting count 3 to reflect defendant's conviction pursuant to Penal Code section 417, subdivision (a)(2), and to forward a

---

**10** Our Supreme Court clarified that it "did not intend to cast doubt" on cases such as "*People v Jones, supra*, 103 Cal.App.4th 1139," which involved the defendant's commission of a *separate crime* with a firearm he was not permitted to possess. (*Jones, supra*, 54 Cal.4th at p. 358, fn. 3.)

11

certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

                                             _____DUARTE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MAURO_____, J.

12