[No. F010770. Fifth Dist. Mar. 20, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
TROY DEWAYNE PHILLIPS, Defendant and Appellant.

**COUNSEL**

John C. Schick, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Michael Weinberger and Carlos A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEST, J.**—Troy DeWayne Phillips was charged by information with robbery (Pen. Code,[1] §§ 211, 212.5, subd. (b)). It was further alleged that he intentionally inflicted great bodily injury during commission of the crime (§ 12022.7). Phillips waived his right to a jury trial and stipulated that the court could consider the transcript of his preliminary hearing together with testimony adduced at trial. The court convicted Phillips and found the enhancement allegation to be true. Phillips was sentenced to six years in prison; sentence was then suspended and civil commitment proceedings instituted pursuant to Welfare and Institutions Code section 3051. Phillips now contends that the evidence was insufficient to show that he intended to inflict great bodily injury. We affirm.

### FACTS

At approximately 5 p.m. on March 26, 1988, 64-year-old Ralph Eoff was in the Montgomery Ward parking lot in Bakersfield. He had the trunk of his car open and was straightening things out inside. Eoff was leaning waist deep into the trunk when he felt two hands on his lower back. Someone he later identified as Phillips pushed him and took his checkbook from his left hip pocket. The shove caused Eoff to go deeply into the trunk, possibly with his feet off of the ground, raking his ribs across the edge of the trunk as he did so. By reflex, Eoff brought his elbow around to either defend against or hit Phillips, but in so doing he fell to the pavement. As a result of being pushed into the trunk, Eoff sustained a fractured rib. His right wrist was sprained when he fell to the ground. He continued to feel pain in both areas for at least a month.

Phillips admitted taking the checkbook, but denied using force or violence to do so. He denied placing his hands on Eoff or pushing him into the trunk, and stated that he did not intend to injure Eoff, but merely to snatch the checkbook and run.

### DISCUSSION

■ Phillips contends that the evidence was insufficient to support the trial court's finding that the section 12022.7 allegation was true. Section

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

12022.7 provides in relevant part: "Any person who, with the intent to inflict such injury, personally inflicts great bodily injury on any person . . . in the commission . . . of a felony shall, in addition and consecutive to the punishment prescribed for the felony . . . of which he has been convicted, be punished by an additional term of three years, unless infliction of great bodily injury is an element of the offense of which he is convicted. [¶] As used in this section, great bodily injury means a significant or substantial physical injury. . . ." While impliedly conceding that Eoff suffered great bodily injury within the meaning of the statute, Phillips contends that the requisite intent has not been shown.

The Courts of Appeal agree that the enhancement provided for by section 12022.7 requires a specific intent to inflict great bodily injury. (*People* v. *Czahara* (1988) 203 Cal.App.3d 1468, 1475 [250 Cal.Rptr. 836]; *People* v. *Superior Court* (*Duval*) (1988) 198 Cal.App.3d 1121, 1132 [244 Cal.Rptr. 522]; *People* v. *Simpson* (1987) 192 Cal.App.3d 1360, 1365-1366 [237 Cal.Rptr. 910]; *People* v. *Bass* (1983) 147 Cal.App.3d 448, 454 [195 Cal.Rptr. 153]; see also *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 343-344 [217 Cal.Rptr. 700].) There agreement ends. One line of thinking, led by *People* v. *Bass, supra,* 147 Cal.App.3d at page 454, holds that "the 'intent to inflict great bodily injury' is merely the intent to commit a violent act or the intent to commit a battery which is required for assault, and the intent requirement of section 12022.7 is met when such injury is caused by the deliberate act of the defendant, and not accidentally." (See also *People* v. *Martinez* (1985) 171 Cal.App.3d 727, 735 [217 Cal.Rptr. 546].) The other line of thinking, led by *People* v. *Simpson, supra,* 192 Cal.App.3d at page 1367, holds that "[t]he fact that the word 'inflict' connotes causation by a particular means does not convert the requirement that the defendants have *intended to cause* great bodily injury into a mere requirement of 'intent to commit an act' which happens to cause great bodily injury. [¶] The plain meaning of section 12022.7 is that the defendant must have intended to cause great bodily injury. The *Bass* court's construction of the statute to require only a general intent to commit a violent assault violates the rule that ' "[w]hen statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." ' [Citation.]"

■ We hold that by its terms, section 12022.7 requires not merely an intent to do the act which causes the great bodily injury, but an intent to cause such injury itself. Otherwise, presumably the statute would have been worded similarly to section 12022.8, which mandates a sentence enhancement for "[a]ny person who inflicts great bodily injury, as defined in Section 12022.7, on any vicitm in a violation of" various enumerated statutes. Section 12022.8 does not require a finding of intentional infliction of great

bodily injury. (*People* v. *Brown* (1985) 174 Cal.App.3d 762, 766 [220 Cal.Rptr. 264].)

However, this does not mean, nor do we read *Simpson* to mean, that the requisite intent to inflict great bodily injury must always be proven by direct evidence, or that such intent can never be presumed or inferred. "It is black-letter law that a party is presumed to intend to do that which he voluntarily or willfully does in fact do and also presumed to intend the natural, proba-ble and usual consequences of his own acts." (*People* v. *Johnson* (1980) 104 Cal.App.3d 598, 610-611 [164 Cal.Rptr. 69].) Thus, " '[w]here one assaults another violently with a deadly weapon and takes his life the presumption is that the assailant intended death or great bodily harm. [Citation.] And where . . . the assault was made in a manner that was reasonably certain to produce death, and which actually did cause death, the only rational pre-sumption to be drawn therefrom is that the assailant intended to take the life of the person [assaulted].' " (*People* v. *Owens* (1938) 27 Cal.App.2d 606, 610 [81 P.2d 429]; see also *People* v. *Isby* (1947) 30 Cal.2d 879, 889 [186 P.2d 405]; *People* v. *Johnson, supra,* 104 Cal.App.3d at p. 611.) It follows that where one applies force to another in a manner reasonably certain to produce, and actually producing, great bodily injury, the requisite intent can be presumed, since the intent with which an act is done may be inferred from the circumstances attending the act, including the manner in which the act was done and the means used. (*People* v. *Miller* (1977) 18 Cal.3d 873, 884 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Laster* (1971) 18 Cal.App.3d 381, 389 [96 Cal.Rptr. 108].)

Our conclusion finds support in *People* v. *Miller, supra,* 18 Cal.3d at page 883. There, the defendant and the victim struggled over the defendant's gun. When they fell to the floor, the defendant gained control of the weapon and shot the victim twice. Our Supreme Court concluded that the jury could have properly found that the defendant intentionally fired both shots with the intent to cause injury. It also concluded that the jury was properly instructed that, in order to find that the defendant intentionally inflicted great bodily injury, it must find beyond a reasonable doubt that he enter-tained the specific intent to inflict such injury, and that such intent could be shown by the circumstances attending the act, the manner in which it was done, the means used, and the soundness of mind and discretion of the person doing the act. (*Id.* at p. 884.) From this, we conclude that intent to do an act causing great bodily injury is an issue separate from intent to inflict such injury, but that the intent to inflict such injury may be shown by, and inferred from, the circumstances surrounding the doing of the act itself.

Our conclusion is also supported by *People* v. *Superior Court (Duval),* *supra,* 198 Cal.App.3d 1121. In that case, the victim became pregnant and

had an abortion following unlawful sexual intercourse with the defendant. Although concluding that pregnancy and abortion can constitute great bodily injury within the meaning of section 12022.7, the Court of Appeal upheld the trial court's dismissal of the section 12022.7 allegation. It found that the specific intent at issue was the intent that the victim become pregnant and that, although pregnancy was a possible consequence of the defendant's actions, it was not such a "substantial certainty" following from one act of intercourse that specific intent could be inferred from the act alone. (*Duval, supra,* at p. 1133.) Due to a number of variables beyond the control of the actors, "while pregnancy was a possible result of defendant's act, it was neither inevitable nor so practically certain to occur as to give rise to an inference of actual intent." (*Id.* at pp. 1133-1134.) At most, the defendant was negligent or acted with reckless disregard of the consequences, neither of which constituted specific intent. (*Id.* at p. 1134.)

■ In applying these principles to the case at bench, wherein the issue is one of evidentiary sufficiency, we "review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].) ■ We may not set aside the trial court's finding that Phillips harbored the requisite intent if it is sustained by a reasonable inference to be drawn from the evidence. (*People* v. *Laster, supra,* 18 Cal.App.3d at p. 389.)

The evidence shows that Eoff was 64 years old at the time of the robbery. It is common knowledge that bones become brittle and more susceptible to breakage with age. It is also common knowledge that the edges of a car trunk are hard, even though they may be covered with some sort of rubber stripping. Eoff was leaning into the trunk, already off balance, when Phillips approached. Phillips then shoved him hard enough to send him deep into the trunk, possibly even causing his feet to leave the ground. These circumstances provide substantial evidence that Phillips applied force to Eoff in a manner sufficiently certain to produce great bodily injury, so as to permit a reasonable inference that Phillips intended to produce such injury. Accordingly, the trial court properly found the section 12022.7 allegation to be true.

The judgment is affirmed.

Hamlin, Acting P. J., and Brown (G. A), J.,* concurred.

A petition for a rehearing was denied April 18, 1989, and appellant's petition for review by the Supreme Court was denied June 7, 1989.

---

* Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.