Filed 11/2/15  P. v. Stanfield CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PAUL STANFIELD,<br><br>    Defendant and Appellant. | B260318<br><br>(Los Angeles County<br>Super. Ct. No. BA172595) |

       APPEAL from an order of the Superior Court of Los Angeles County. William C. Ryan, Judge.  Affirmed.

       Jonathan B. Steiner, Executive Director, California Appellate Project, Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

       Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Paul Stanfield appeals from the denial with prejudice of his petition for recall of sentence under Penal Code section 1170.126.[1] The superior court found defendant ineligible for recall on the ground that he intended to inflict great bodily injury. Defendant appeals, asserting that the trial court erred in making factual findings beyond those establishing the nature or basis of defendant's current conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 25, 1999, defendant was convicted of willful infliction of corporal injury on a cohabitant in violation of section 273.5, subdivision (a). The jury found "not true" the allegation that defendant personally inflicted great bodily injury on the victim within the meaning of former section 12022.7, subdivision (d). His conviction was affirmed by this court in an unpublished opinion in case No. B132558 on June 29, 2000.[2] The statement of facts in that opinion revealed the following: "Sparkle A. began dating appellant in late 1995, and she became his girlfriend. On July 17, 1998, when she was pregnant with appellant's child, she moved into her own apartment. Appellant moved into that apartment the next day. Sparkle gave appellant a key to the apartment shortly after he moved in. Sparkle paid the rent.

"Appellant was still living with Sparkle on August 9, 1998. On August 9, shortly after midnight, appellant became jealous when Sparkle was having a telephone conversation with a male friend. Appellant fought with Sparkle, punching her in the nose, lip, and head. As a result, Sparkle had a chipped tooth, received five stitches to her lip, and has scars on her nose and lip."

Upon conviction for the willful infliction of corporal injury on Sparkle, defendant was sentenced as a third strike offender. On March 12, 2013, he filed a petition for recall of sentence. On October 15, 2013, the People filed an opposition to the petition, arguing that defendant was not eligible under section 1170.12, subdivision (c)(2)(C)(iii) because

---

[1] All further references to statutes are to the Penal Code unless stated otherwise.

[2] On our own motion, we take judicial notice of our unpublished opinion in the prior appeal, case No. B132558. (Evid. Code, § 452, subd. (d)(1).)

2

he intended to cause great bodily injury to another person.  The opposition also stated that defendant's "prior known violent criminal history clearly demonstrates his danger to public safety."  There followed a series of replies and responses filed by the People and defendant.[3]  Prior to the hearing on the petition, the People provided the court with a reporter's transcript of defendant's trial as an exhibit for the hearing.

At the hearing, the defense argued that defendant was too intoxicated to form the intent to cause great bodily injury, and the People responded that it could be inferred from the facts in the trial transcript that defendant's intoxication did not reach that level.  The prosecutor pointed out that defendant, after inflicting the blows on the victim, took her purse and threw her identification cards and other cards all over the floor so that the victim could not find what she needed to be admitted to the hospital.  The court pointed out that this was merely the victim's theory.  The prosecutor noted that the defendant followed the victim from the apartment to the phone booth, where she attempted to call her sister, and he hung up the telephone when she first tried to use it.  Also, the police report did not mention that defendant was intoxicated.  The prosecutor argued that defendant intended to hurt the victim because he was angry about her being on the phone with a male friend and because she laughed at him.

The defense posited that defendant was intoxicated and was reacting to the victim's behavior.  She struck the first blow.  Reaction is not the same as intending to inflict great bodily injury.  Defendant's acts were not done with the intention of causing the victim great bodily injury but rather were part of a drunken altercation, and there was no indication the acts would have occurred had defendant been sober.

---

[3]     On March 3, 2014, defendant filed a preliminary reply to the opposition and requested a status conference.  This reply contained the police report among the exhibits. The People filed a revised opposition to the petition on March 27, 2014, stating that defendant was ineligible and unsuitable for resentencing because he intended to cause great bodily injury, and he posed an unreasonable risk of danger to public safety. Defendant submitted a reply, which included as exhibit C a copy of defendant's preliminary hearing.  The People submitted a response with many references to the reporter's trial transcript.  Defendant submitted a reply and then a supplemental reply.

On October 28, 2014, the trial court issued its memorandum of decision. The court made numerous citations to the victim's testimony from the reporter's transcript on appeal. The court concluded it was "more than reasonable" to infer that defendant intended to cause great bodily harm within the meaning of sections 1170.126, subdivision (e)(2) and 667, subdivision (e)(2)(C)(iii),[4] citing *People v. Guilford* (2014) 228 Cal.App.4th 651, 662 (*Guilford*). The court found the People had amply met their burden of showing by a preponderance of evidence that defendant was ineligible for resentencing because he intended to cause great bodily injury during the commission of the offense.

## DISCUSSION

### I. Defendant's Argument

Defendant contends that under the principles established in *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*), a trial court cannot consider disputed evidence in a defendant's prior conviction and make an independent finding of a mental state that was not encompassed within the elements of the crime charged. Defendant maintains that the trial court's finding must be reversed.

### II. Relevant Authority

In November 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012 (the Act). The Act amended sections 667 and 1170.12 and added section 1170.126, which provides for the resentencing of defendants previously sentenced under the Three Strikes law. The Act "prospectively changed the Three Strikes law by reserving indeterminate life sentences for cases where the new offense is also a *serious or violent felony*, unless the prosecution pleads and proves an enumerated disqualifying factor. In all other cases, a recidivist defendant will be sentenced as a second strike offender, rather than a third strike offender. [Citations.]" (*People v. Chubbuck* (2014) 231 Cal.App.4th 737, 740-741.)

---

[4] Section 667, subdivision (e)(2)(C)(iii) contains the identical language as the initiative version in section 1170.12, subdivision (c)(2)(C)(iii).

Section 1170.126 allows defendants serving a life term for a third strike to petition for resentencing. (§ 1170.126, subd. (b).) Eligibility for resentencing is initially limited to defendants serving life terms for felonies that are neither serious nor violent. (§ 1170.126, subd. (e)(1).) Other factors can render a defendant ineligible for resentencing. One of the disqualifying factors cross-referenced in section 1170.126, subdivision (e) deems an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 1170.12, subd. (c)(2)(C)(iii).) The court may also deny resentencing as a second strike offender if it finds the resentencing would pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)

If the underlying conviction does not involve a sustained allegation that the defendant has actually inflicted great bodily injury, the trial court determines from the entire record of the conviction whether the defendant intended to inflict great bodily injury. (*Guilford*, *supra*, 228 Cal.App.4th 651, 659-660.) We review the trial court's finding of intent under the deferential sufficiency of the evidence standard. (*Id*. at p. 661.)

### III.  Petition Properly Denied

As defendant argues, several cases from the Courts of Appeal have invoked the rule of *Guerrero* when determining whether a defendant's current offense falls within the exclusionary criteria of section 1170.12, subdivision (c)(2)(C). (See, e.g., *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1338-1339 (*Bradford*).) *Guerrero* held that in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction, but no further. (*Guerrero*, *supra*, 44 Cal.3d at pp. 345, 355.) When determining the substance of a prior *foreign* conviction, the court may look to the entire record of the conviction, but if the record does not disclose the facts of the crime actually committed, the court must presume that it was for the least offense punishable under the foreign statute. (*Id*. at p. 352.)

In *Bradford*, the court stated that the determination as to proof of a prior conviction as an enhancement and the determination as to a petitioner's eligibility for resentencing based on the record of conviction are similar in that they are both retrospective. (*Bradford*, *supra*, 227 Cal.App.4th at p. 1339.) Hence, a trial court adjudicating a petition "should be guided by *Guerrero* and its progeny and should consider the record of conviction to decide whether petitioner is eligible for resentencing." (*Ibid*.) *Bradford* noted there was no statutory procedure permitting the trial court to consider new evidence outside of the record. (*Ibid*.) Furthermore, limiting consideration to the record of conviction promotes the efficient administration of justice and prevents relitigation of the circumstances of a crime committed in the past, which might give rise to other constitutional concerns. (*Ibid*., citing *Guerrero*, *supra*, 44 Cal.3d at p. 355.)

According to defendant, *Guilford*, *supra*, 228 Cal.App.4th 651, cited by the trial court in its decision, was wrongly decided to the extent it suggested that a proper *Guerrero* inquiry allows new fact finding beyond the nature of the conviction, and it should not be followed. *Guilford* is very similar to the instant case in that the defendant was convicted of spousal abuse, received a three strikes sentence, and was denied resentencing on the ground that he intended to cause great bodily injury. (*Id*. at pp. 654-655.) Guilford protested the court's use of the prior appellate opinion from his direct appeal to determine his intent, since there was no finding that was pleaded and proved that supported the court's determination. (*Id*. at p. 655.) The *Guilford* court stated that the Act did not require pleading and proof of disqualifying factors. (*Id*. at p. 657.) Guilford also argued the trial court's reliance on facts "'beyond the record of conviction'" was error. (*Id*. at p. 659.) The reviewing court stated that a trial court may look to the entire record of a prior conviction, which included the prior appellate opinion. (*Id*. at p. 660.) The court noted that Guilford made no claim that the opinion misstated the facts, and he did not file a petition for rehearing. (*Id*. at pp. 660-661.) Therefore, it could be assumed the facts as stated in the opinion were faithful to the appellate record. (*Id*. at p. 661.) The *Guilford* court summarized the injuries suffered by the victim and

6

cited trial testimony regarding a prior incident when defendant had struck the victim several times and concluded there was substantial evidence to support the denial of the petition. (*Id*. at pp. 661-662.)

Here, the trial court named certain facts in support of its ruling that were admitted as evidence at his trial and uncontroverted, citing to the trial record: defendant punched the victim six times in the face with a closed fist; the victim suffered a laceration to her lip requiring five stitches; she suffered a broken tooth; she suffered an injury to her nose that bled profusely and left a scar; she had lacerations in her mouth requiring cosmetic surgery; and her nightdress was soaked in blood. These bare facts were undisputed at the underlying trial, and the jury was not asked to make a finding of intent.

We see no evidence here that the trial court's ruling, which relied solely on trial testimony, was not in accord with the holdings or reasoning of *Guerrero* and *Bradford*. The court's finding on defendant's intent was based on the circumstantial evidence in the trial transcript, a document that defendant concedes was properly considered by the trial court, and not on "brand-new" evidence outside the record or disputed facts. It is well established that a defendant's "[m]ental state and intent are rarely susceptible of direct proof and must therefore be proven circumstantially." (*People v. Thomas* (2011) 52 Cal.4th 336, 355; *People v. Smith* (2005) 37 Cal.4th 733, 741; *People v. Phillips* (1989) 208 Cal.App.3d 1120, 1124 [" . . . the intent with which an act is done may be inferred from the circumstances attending the act, including the manner in which the act was done and the means used"].)

Defendant does not argue that the issue of his intent was subject to a "pleading and proof" requirement, yet his contention is similar to such claims, which have been rejected by the appellate courts. (See *People v. Chubbuck*, *supra*, 231 Cal.App.4th at pp. 745, and cases cited therein.) As for defendant's complaint that the court made an "independent" finding, the Act does not require a jury finding to establish the exceptions to allowing resentencing of a prisoner, as is stated in many of these same cases. (See *People v. Brimmer* (2014) 230 Cal.App.4th 782, 805, and cases cited therein.) The statute provides

that the *court* must determine whether the exceptions in section 1170.12, subdivision (c)(2)(C)(iii) apply.

We observe that defendant does not discuss how an intent to inflict bodily injury is to be decided by the trial court in a petition for resentencing when such an intent is not one of the elements of a petitioner's current conviction. As the court noted in *People v. Osuna* (2014) 225 Cal.App.4th 1020, "[w]e are aware of no provision criminalizing, or permitting imposition of an additional sentence for, the mere intent to cause great bodily injury to another person." (*Id.* at p. 1034.) This indicates the electorate intended the disqualifying factors to have a broad reach and not be tethered to a particular offense or enhancement, as Osuna had argued in opposing the "arming" finding. (*Ibid*.) As stated in *Guilford*, *supra*, 228 Cal.App.4th at page 658: "Although *some* persons may have had such disqualifying factors plead and proved in the current case, in most cases such factors would not have been adjudicated. To adopt defendant's reasoning would be to undermine one purpose of the People, acting via their reserved initiative powers, viz., to preclude dangerous persons from the recall provision."

As for defendant's complaint that he is now precluded from presenting evidence on his intent, the defendant in *Guerrero* had a similar argument, i.e., that the application of the *Guerrero* rule was unfair because it allowed enhancements for prior convictions to be based on matters that were "fortuitous" and whose future significance was not known to the defendant at the time of the prior proceedings. (*Guerrero*, *supra*, 44 Cal.3d at p. 355.) *Guerrero*'s answer was that "[t]he law regularly requires persons to suffer the consequences of their actions, even though they had not or could not foresee those consequences." (*Ibid*.)

We conclude that defendant's claim that the trial court relied on disputed evidence in defendant's prior conviction is without merit. The trial court neither erred nor abused its discretion in ruling that defendant was not eligible for resentencing.

**DISPOSITION**

The order denying defendant's petition to recall his sentence under section 1170.126 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

BOREN, P.J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.