Filed 7/26/16  P. v. Simmons CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PIERRE EVANS SIMMONS,<br><br>    Defendant and Appellant. | C073613<br><br>(Super. Ct. No. 98F5844) |

Defendant Pierre Evans Simmons appeals from the denial of his petition for recall and resentencing pursuant to the Three Strikes Reform Act of 2012 (Proposition 36). (Pen. Code, § 1170.126.)[1]  The trial court denied his petition, finding resentencing would pose an unreasonable risk of danger to public safety.  Defendant challenges that finding, arguing insufficient evidence supported it.  The People, in turn, argue—for the first time

---

[1]    Undesignated statutory references are to the Penal Code.

1

on appeal—that defendant is statutorily ineligible for resentencing because during his commitment offense he was armed with a deadly weapon and intended to cause great bodily injury. We conclude defendant is statutorily ineligible and affirm on that basis. We need not consider the trial court's finding that resentencing would pose an unreasonable risk.

## BACKGROUND

We take the facts of defendant's commitment offense from our prior opinion affirming his conviction (*People v. Simmons* (Dec. 1, 2000, C033514) [nonpub. opn.]); see *People v. Guilford* (2014) 228 Cal.App.4th 651, 660-661 [prior appellate opinion admissible to prove ineligibility in section 1170.126 proceeding]).

In 1998, defendant attacked the victim, his wife, in their mobile home. He held her down and bit her arms and abdomen. He called her a bitch and told her she was lazy and a lousy mother.

The victim convinced defendant she needed to use the restroom. Once in the restroom, she tried to escape through the bathroom window, but she knocked a dish off of the toilet while climbing out.

Defendant rushed into the bathroom, threw her to the floor and started stomping on her chest with his bare feet, telling her she was going to die. He scratched her face and threw her against the bathtub, leaving a knot on the back of her head.

Defendant then picked up a stick and beat her on the buttocks. He left the bathroom, then returned with a butcher knife. He forced her to crawl into the living room while he held her hair. He held the knife to her neck.

The couple's daughter, who was in her room in bed, started screaming at her father. Defendant told the victim to check on their daughter. The victim headed toward their daughter's room but went instead to a window and escaped. She ran to the next door neighbor's trailer and asked them to call the police. The neighbor went back to the couple's trailer to get the three children. Defendant told the neighbor to go away and

2

mind her own business, but she persisted. When she went in the trailer, defendant got on his bicycle and left.

The victim suffered a fractured sternum, a concussion, and bruises to her arms, face, and buttocks.

The daughter, who was 13 at the time of the attack, testified her father drank beer every day, even though it was a parole violation; her mother drank only occasionally. The daughter testified she woke up the evening of the attack and heard her father's voice, which sounded low and mean. When she did not hear her mother's voice, she became concerned and screamed at least 10 times to get defendant's attention. Finally, her mother came in but went straight through the room and out the window. Defendant came into his daughter's room and asked where the victim had gone. The daughter asked defendant what was happening. He did not answer. He seemed angry and left the room.

A few minutes later, the daughter walked into the kitchen and saw a butcher knife on the counter. Their neighbor came to the door and told defendant she was there to take the kids. The neighbor and defendant yelled at each other, but the neighbor eventually got in the house.

Defendant maintained the victim concocted the story and suffered the injuries falling out the trailer window.

A jury convicted defendant of willfully inflicting corporal injury resulting in a traumatic condition on the mother of his child. (§ 273.5.)

In 2012, following the passage of Proposition 36, defendant petitioned for resentencing. The People agreed defendant was statutorily eligible for resentencing and did not object to the court considering the petition. But the people opposed the petition, arguing resentencing would pose an unreasonable risk of danger to public safety.

The trial court denied the petition, concluding resentencing would pose an unreasonable risk of danger to the public. It noted defendant's past criminal history, his commitment offense, and his postsentencing conduct all involved violence.

3

DISCUSSION

On appeal, defendant contends the trial court erred in denying his resentencing petition, arguing there was insufficient evidence resentencing would pose an unreasonable risk of danger to the public.

The People disagree and also claim for the first time on appeal defendant is statutorily ineligible for resentencing because, during his commitment offense, he was armed with a deadly weapon and intended to cause great bodily injury.

Defendant responds in four ways: (1) the People have forfeited the claim of statutory ineligibility by failing to raise it below; (2) the prosecution failed to plead and prove circumstances rendering defendant ineligible; (3) a finding of statutory ineligibility would violate defendant's Sixth Amendment rights under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] (*Apprendi*); and (4) the record is insufficient to establish statutory ineligibility.

We address these four arguments in turn and conclude defendant is ineligible for resentencing under Proposition 36. We thus affirm the denial of his petition on that basis and do not consider the court's finding that resentencing posed an unreasonable risk.

I

*The People Have Not Forfeited the Claim of Statutory Ineligibility*

The prosecution's concession of resentencing eligibility does not effect a forfeiture. Section 1170.126 grants a trial court power to resentence an inmate under Proposition 36 only if certain criteria are satisfied. (§ 1170.126, subd. (e).) Among those, the defendant was neither armed with a deadly weapon nor intended to cause great bodily injury during the offense. (§ 1170.126, subd. (e)(2); § 667, subd. (e)(2)(C)(iii).) Nothing permits a trial court to disregard eligibility criteria. (*People v. Brown* (2014) 230 Cal.App.4th 1502, 1511-1512.) An inmate satisfies the eligibility criteria or the trial court has no power but to deny the petition. (*Ibid*.)

4

The prosecution "cannot, by stipulation, confer jurisdiction on the trial court to resentence a person under Penal Code section 1170.126 when the trial court's own records in the case show that the person is indisputably ineligible." (*People v. Amaya* (2015) 239 Cal.App.4th 379, 387 [upholding the trial court's "re-resentencing" following the trial court's discovery that the defendant was ineligible based on a prior gang enhancement, which deprived the court of power to resentence him].) Indeed, " ' "[a] judgment is void on its face if the court which rendered the judgment lacked personal or subject matter jurisdiction or exceeded its jurisdiction in granting relief which the court had no power to grant." ' " (*Id*. at pp. 386-387.)

Therefore, the prosecution's improvident concession of defendant's eligibility does not preclude this court from considering eligibility.

II

*The Prosecution Need Not Plead and Prove Circumstances Rendering Defendant*

*Ineligible for Resentencing*

Circumstances rendering a defendant ineligible for resentencing are not subject to a pleading and proof requirement. (*People v. Brimmer* (2014) 230 Cal.App.4th 782, 802-803 (*Brimmer*).) The pleading and proof requirement applies prospectively to persons charged with a third strike offense not defined as serious or violent. (*Id*. at p. 802.) It does not apply to persons previously sentenced under the "Three Strikes" law. (*Id*. at pp. 802-803.)

Thus, the prosecution need not plead and prove defendant was armed with a deadly weapon or intended to cause great bodily injury to render him ineligible.

III

*A Finding of Statutory Ineligibility Would Not Violate Defendant's Sixth Amendment*

*Rights Under* Apprendi

"*Apprendi* and its progeny do not apply to a determination of eligibility for resentencing under the Act." (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039.) A

5

defendant's Sixth Amendment rights do not include a right to a jury finding of ineligibility for downward sentence modification due to intervening laws. (*Brimmer, supra,* 230 Cal.App.4th at p. 804.) " 'The retrospective part of the Act is not constitutionally required, but an act of lenity on the part of the electorate. It does not provide for wholesale resentencing of eligible petitioners. Instead, it provides for a proceeding where the original sentence may be modified downward [in the statutorily guided discretion of a judge].' " (*Id*. at pp. 804-805.)

Accordingly, a finding of statutory ineligibility here would not violate *Apprendi*. We may, therefore, consider defendant's eligibility.

IV

*The Record Establishes Ineligibility as a Matter of Law*

An eligibility determination is not limited to a review of the elements of the commitment offense. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1332 (*Bradford*).) "Rather, the court may examine relevant, reliable, admissible portions of the record of conviction to determine the existence or nonexistence of disqualifying factors. [Citation.]" (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1063.) This includes the prior opinion in defendant's appeal from the original judgment. (*Brimmer, supra,* 230 Cal.App.4th at pp. 800-801.) But the facts needed to adjudicate eligibility must be taken solely from the record of conviction. (*People v. Burnes* (2015) 242 Cal.App.4th 1452, 1458.)

We are mindful of a split of authority as to the appropriate standard of proof for determining resentencing ineligibility. (See *People v. Arevalo* (2016) 244 Cal.App.4th 836, 852 ["the appropriate standard of proof is beyond a reasonable doubt"]; *People v. Osuna*, *supra*, 225 Cal.App.4th at p. 1040 ["a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence"]; *Bradford, supra,* 227 Cal.App.4th at p. 1350 (conc. opn. of Raye, P. J.) ["I would respectfully suggest careful consideration as to whether imposition of proof by clear and convincing evidence

6

is required"].)  However, we need not enter the fray, as the record here establishes ineligibility under any standard of proof.

A review of the relevant, reliable, admissible portions of the record establishes, as a matter of law, defendant was armed with a deadly weapon and intended to cause great bodily injury during the offense.  "A deadly weapon is any object, instrument, or weapon which is used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury."  (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1037, italics omitted.)  Whether an item not designed for use as a weapon is a deadly weapon turns on the item's nature and the manner it is used.  (*Bradford, supra,* 227 Cal.App.4th at pp. 1341-1342.)  "[I]t may be necessary to consider 'the attendant circumstances, the time, place, destination of the possessor,' any alteration of the object, and other relevant facts indicating 'the possessor [would] use it as a weapon should the circumstances require.' "  (*Id*. at p. 1342.)  A defendant is "armed" if he has a weapon available for offensive or defensive use.  (*People v. Bland* (1995) 10 Cal.4th 991, 997.)

Here, during the attack, defendant held a butcher knife to the victim's neck.  While a butcher knife is not a deadly weapon, per se, holding the butcher knife to the victim's neck as part of a brutal beating amply qualifies it as such.  (See *People v. Simons* (1996) 42 Cal.App.4th 1100, 1106, 1107-1108 [a screwdriver constituted a deadly weapon when brandished at several police while yelling, "Shoot me"]; *People v. Page* (2004) 123 Cal.App.4th 1466, 1472 [a pencil constituted a deadly weapon when held to the victim's neck]; *In re D.T.* (2015) 237 Cal.App.4th 693, 696-697, 701 [a knife constituted a deadly weapon when the minor poked the victim's upper back multiple times with the pointed end, causing no broken skin].)  And because defendant held the knife, it was available for offensive use.

The record also established intent to cause great bodily injury, as a matter of law.  "[W]here one applies force to another in a manner reasonably certain to produce, and actually producing, great bodily injury, the requisite intent can be presumed, since the

intent with which an act is done may be inferred from the circumstances attending the act, including the manner in which the act was done and the means used." (*People v. Phillips* (1989) 208 Cal.App.3d 1120, 1124.)

Here, defendant held the victim down and bit her. He threw her to the floor and stomped her chest with his bare feet. He scratched her face. He threw her against the bathtub. He beat her buttocks with a stick. He held her hair forcing her to crawl. And he held a knife to her neck. As he did this, he called her a bitch, lazy, a lousy mother, and told her she would die. He left the victim with a fractured sternum, a concussion, and bruises to her arms, face, and buttocks. This conduct and resulting injuries establishes nothing less than intent to cause great bodily injury as a matter of law. (See *People v. Simpson* (1987) 192 Cal.App.3d 1360, 1368 [intent to inflict great bodily injury shown, as a matter of law, where beating left victim hospitalized for a month, unconscious for 10 days, and fractured nearly every facial bone].)

Moreover, the facts establishing ineligibility are consistent with the underlying jury finding.[2] As we noted when affirming the conviction, "[t]his case hinged on the credibility of the victim and the defendant." (*People v. Simmons, supra,* C033514.) In finding defendant guilty, the jury necessarily rejected defendant's explanation his wife fabricated the attack, and her injuries came from falling out the window. And the jury necessarily found the victim and daughter's account credible. Moreover, the circumstances of defendant's conduct during the attack formed the basis of his conviction. (Compare *People v. Berry* (2015) 235 Cal.App.4th 1417, 1427 [evidence the

---

[2] By contrast, in *Arevalo*, which applied a beyond a reasonable doubt standard of proof, the jury acquitted the defendant of firearms possession and found not true that he was armed with a firearm. (*Arevalo, supra,* 244 Cal.App.4th at p. 843.) Yet on petition for resentencing, a different judge found the defendant had been armed with a weapon during the offenses and thus determined him ineligible. (*Id*. at pp. 841, 844.) The Court of Appeal reversed, concluding that under a beyond a reasonable doubt standard, this determination was precluded by the jury's acquittal and not true findings. (*Id*. at p. 842.)

defendant possessed a firearm played no part in his conviction, where the firearm counts were dismissed and his conviction was based solely on his guilty plea to possessing a fraudulent check and forged driver's license].)

We conclude defendant is ineligible for resentencing as a matter of law. We affirm the denial of his petition on that basis and need not consider whether his resentencing would pose an unreasonable risk of danger to public safety.

DISPOSITION

The order denying the petition is affirmed.


       NICHOLSON     , J.


We concur:


    BLEASE         , Acting P. J.


    MAURO         , J.

9