Filed 10/28/20  P. v. Collins CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BATTISE COLLINS,<br><br>Defendant and Appellant. | B296643<br><br>(Los Angeles County<br>Super. Ct. No. BA230105) |

APPEAL from an order of the Superior Court of Los Angeles County, William Ryan, Judge.  Affirmed.

Richard B. Lennon and Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

A trial jury found defendant and appellant Battise Collins (defendant) guilty of falsely imprisoning and inflicting corporal injury to his girlfriend, Tracy G. The trial court imposed an indeterminate Three Strikes law sentence. Years later, after passage of the Three Strikes Reform Act of 2012 (Proposition 36), defendant petitioned to have his sentence recalled and reduced. The trial court ruled defendant was ineligible for resentencing because it found he intended to inflict great bodily injury during the commission of each of the offenses of conviction. We consider whether the trial court's order is supported by sufficient evidence. Specifically, defendant asks us to decide whether he was correctly found ineligible even though his intent to inflict great bodily injury was not at issue during the jury trial that led to his convictions and even though (as he argues it) the injuries he inflicted on Tracy were not great and there was no other evidence of his intent.

## I. BACKGROUND
### A. The Offense Conduct, as Established by the Evidence at Defendant's Jury Trial
#### 1. The December 2001 confinement and beating

One evening in December 2001, defendant was driving Tracy G. in her father's car. Defendant suddenly became angry and told her to get out of the car and walk home. Tracy got out of the car and began to walk. Defendant then drove up beside Tracy and told her to get back into the car. When she refused, defendant hit and pushed Tracy, knocked her on top of a car, and forced her into the trunk. Before closing the trunk with Tracy inside, defendant said, "'Bitch, you are going to see how it feels to be inside a living casket.'"

Defendant drove around for an hour while Tracy begged to be let out of the trunk. Defendant then stopped the car, opened the trunk, and said, "'See how it feels.'" Tracy again pleaded with

2

defendant to let her out of the trunk, but defendant closed the trunk again and resumed driving for another hour or two.

When defendant finally drove to the home where he lived with Tracy, she was unable to get out of the trunk on her own after spending so much time in the cramped space. Defendant slapped Tracy and then pushed and dragged her into the house. Once inside, defendant slapped Tracy again and punched her in the head. He said, "'You tried to take my life. Now you see how it feels to be inside a living casket. Now you know how it feels, don't you.'" (Defendant testified in his own defense at trial and denied hitting Tracy or putting her in the trunk of the car.)

### 2. The March 2002 beating

In early March 2002, Tracy was at her mother's apartment when defendant arrived and began screaming at Tracy, demanding money. When Tracy refused, defendant repeatedly punched her in the head and on her body. Tracy lost consciousness and woke up in a different room with no memory of how she got there.

Tracy's mother testified defendant's blows to Tracy's head knocked her to the ground and defendant then dragged Tracy around the apartment and continued to beat her until she lost consciousness. (Defendant, in his testimony, denied committing any violence against Tracy on this occasion.)

### 3. The Subsequent March 2002 Strangulation

On March 28, 2002, Tracy was talking on the telephone to a friend and her brother. Defendant came into the room and grabbed the phone out of her hand. He heard a male voice on the line and began arguing with the man, threatening to blow up his house. He then strangled Tracy with both hands, leaving marks around her neck and mark near her eye. Tracy also later suffered seizures, which could have been brought on at least partly as a result of the strangulation.

3

*B.      Sentencing and the Proposition 36 Proceedings*

After a jury trial in 2003, defendant was found guilty of three counts of inflicting corporal injury to a spouse (Pen. Code,[1] § 273.5, subd. (a)), corresponding to each of the aforementioned episodes, and one count of false imprisonment (§ 236) in connection with the December 2001 confinement of Tracy in the trunk.[2] Defendant was sentenced to 25 years to life in prison under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

In 2013, defendant filed a petition for resentencing under section 1170.126, which was enacted as part of Proposition 36. The court denied the motion, holding the prosecution to the preponderance of the evidence standard. On appeal, we ordered the trial court to reconsider the petition using the beyond a reasonable doubt standard.[3] (*People v. Collins* (May 15, 2018, B280353) [nonpub. opn.].)

On remand, the trial court once again denied the petition, holding defendant was ineligible for resentencing because defendant intended to cause great bodily injury to Tracy. Analyzing each incident and the transcripts of defendant's jury trial, the court found beyond a reasonable doubt that defendant intended to inflict great bodily injury with respect to each offense of conviction.

---

[1]      Subsequent statutory references are to the Penal Code.

[2]      Defendant was acquitted of making criminal threats, six counts of inflicting corporal injury to a spouse, kidnapping, assault with a firearm, three counts of false imprisonment, and possession of a firearm by a felon.

[3]      On November 19, 2019, we granted defendant's request for judicial notice of the appellate record for this case but erroneously listed B296643 as the case number. We grant defendant's request for judicial notice of the record on appeal in case B280353.

## II. DISCUSSION

Defendant's attack on the sufficiency of the evidence supporting the trial court's ineligibility finding is twofold. First, he claims the evidence of defendant's intent to inflict great bodily injury should be deemed weak because the parties did not litigate defendant's intent during his jury trial. Though defendant frames the argument as one going to the strength of the evidence, it is really an argument that seeks to undercut Supreme Court authority that holds a court deciding a Proposition 36 petition may properly make findings that go beyond the findings a jury was asked to make in the underlying criminal trial. (See, e.g., *People v. Perez* (2018) 4 Cal.5th 1055, 1063 (*Perez*).) We follow Supreme Court authority and hold there is no reason to discount the intent finding made by the trial court hearing defendant's section 1170.126 petition merely because defendant's intent was not litigated during his criminal trial. Second, defendant argues what evidence there was at his trial that bears on his intent is still not enough to establish he intended to cause Tracy great bodily injury. Though the trial court reviewed the same trial record that we would review, our Supreme Court has held we as a reviewing court "must defer to the trial court's [Proposition 36 eligibility] determination if it is supported by substantial evidence." (*Perez, supra,* at 1059.) Under that deferential standard, the evidence is sufficient.

### A. *The Trial Court Properly Considered the Trial Evidence to Decide Defendant's Intent, and thus, His Eligibility*

Proposition 36 permits a defendant who is serving an indeterminate life sentence imposed pursuant to the Three Strikes law to be resentenced as a second strike offender if he or she meets certain criteria. (§ 1170.126.) As relevant here, a defendant is disqualified from resentencing under Proposition 36 if, "[d]uring the commission of the current offense, the

5

defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii); see also § 1170.126(e)(2).)

Defendant argues we must conclude the evidence bearing on his intent to commit great bodily injury is insufficient because the issue was not litigated during his jury trial. He writes: "[I]n this case, at the initial trial, [defendant's] intent to inflict harm was not at issue, and was in fact, irrelevant to the question of guilt. Thus, the recall judge here was making a factual determination after the trial based upon evidence that was not fully developed on the issue because the defense had no motive or opportunity to cross-examine or present defense evidence on the matter. In such circumstances, the evidence cannot be sufficient to establish that specific intent beyond a reasonable doubt."

The circumstances to which defendant refers— circumstances he believes "cannot be sufficient" to constitute sufficient evidence—are the circumstances in every case where a court called to decide a section 1170.126 sentence recall petition makes an eligibility finding predicated on an issue that was not litigated during the underlying trial. Our Supreme Court, however, has twice held it is proper for a trial court deciding such a petition to do just that, i.e., to make a finding on an issue the parties did not contest and the trial jury did not decide. (*Perez*, *supra*, 4 Cal.5th at 1063 ["In *People v. Estrada* (2017) 3 Cal.5th 661, 672[ ], we held that Proposition 36 permits a trial court to examine facts beyond the judgment of conviction in determining whether a resentencing ineligibility criterion applies. In reaching that statutory holding, we did not address any Sixth Amendment concern. [Citation.] We now hold that the Sixth Amendment does not bar a trial court from considering facts not found by a jury beyond a reasonable doubt when determining the applicability of a resentencing ineligibility criterion under Proposition 36"].) Defendant's argument cannot be correct

6

because it runs contrary to the premise of these Supreme Court holdings. We reject it for that reason.

>   B.   *The Court's Finding That Defendant Intended to Inflict Great Bodily Injury Is Supported by Substantial Evidence*

Defendant argues the evidence at trial did not establish his intent to commit great bodily injury but revealed "only a series of attacks by an angry man, which caused injuries that did not require medical attention." We must defer to the trial court's finding to the contrary if it is supported by substantial evidence. (*Perez*, *supra*, 4 Cal.5th at 1059.)

In undertaking that substantial evidence review, we look at the record in the light most favorable to the trial court's order and determine whether there is evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could make the intent-based ineligibility finding beyond a reasonable doubt. (See *People v. Westerfield* (2019) 6 Cal.5th 632, 713.) Especially when intent is at issue, "'[s]ubstantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' [Citation.]" (*People v. Brooks* (2017) 3 Cal.5th 1, 57; see also *People v. Manibusan* (2013) 58 Cal.4th 40, 87; *People v. Thomas* (2019) 39 Cal.App.5th 930, 937-938 [actual infliction of great bodily injury is not required to find intent to inflict the same; a factfinder may infer intent "based on the facts and circumstances of the defendant's actions alone"] (*Thomas*).)

In December 2001, defendant hit Tracy and forced her into the trunk of the car he was driving. When defendant finally let Tracy out of the trunk, he hit her, dragged her into the house, and punched her in the head. These facts are substantial evidence supporting the finding of intent to inflict great bodily injury. (See, e.g., *People v. Phillips* (1989) 208 Cal.App.3d 1120, 1125 [concluding the defendant intended to inflict great bodily injury from the defendant's act of shoving the 64-year-old victim

into a vehicle's trunk].) In early March 2002, defendant punched Tracy repeatedly until she lost consciousness. This, too, is substantial evidence supporting the finding of intent to inflict great bodily injury. (See, e.g., *Thomas, supra,* 39 Cal.App.5th at 938 [intent to inflict great bodily injury found where defendant punched victim suddenly and without provocation and, when victim fell down after first punch, defendant punched victim again]; see also § 243 [defining "serious bodily injury" to include loss of consciousness].) Then on March 28, defendant used both hands and strangled Tracy long and hard enough to leave marks on her neck. The facts of this violent episode again provide an adequate basis for the trial court's intent finding. (See *People v. Covino* (1980) 100 Cal.App.3d 660, 664-665, 667-668 [choking that caused the victim's face to become red and her eyes to bulge was likely to produce great bodily injury]; see also *People v. Sloan* (2007) 42 Cal.4th 110, 117 ["'[s]erious bodily injury' is the essential equivalent of 'great bodily injury'"]; *People v. Wade* (2012) 204 Cal.App.4th 1142, 1146, 1149 [court properly instructed on battery causing serious bodily injury when the defendant choked the victim, causing her to black out].)

Defendant argues the evidence of intent to inflict great bodily injury must be disregarded, however, because the jury in defendant's case "did not completely believe" Tracy (the jury acquitted defendant of other charged offenses, including kidnapping) and because the trial judge remarked at defendant's sentencing that defendant had not inflicted great bodily injury.[4] Both contentions are unpersuasive. Neither the jury at defendant's trial nor the sentencing judge made any findings on defendant's *intent* to inflict great bodily injury. "[I]t was

---

[4] The sentencing judge also remarked, however, that defendant's conduct was "cruel" and "vicious," adding that the court believed "it's quite clear [defendant] can get very violent when his temper is up."

8

therefore up to the [section 1170.126 petition] court to make the necessary findings. . . ." (*Thomas*, *supra*, 39 Cal.App.5th at 939.)

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.